**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |  |
|---|---|---|
| O.C. SEACRETS, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: WDQ-12-1395 |
| CARIBBEAN SECRETS LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses Plaintiff O.C. Seacrets, Inc.'s Motion for Default Judgment, ECF No. 14.[1] Defendant Caribbean Secrets LLC has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. Having reviewed the filings, I find that a hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, I recommend that, following the time to object to this Report and Recommendation, Plaintiff's Motion for Default Judgment be GRANTED as to liability. Furthermore, I recommend that the Court GRANT Plaintiff's request for injunctive relief.

**I.   FACTUAL AND PROCEDURAL HISTORY**

On May 8 2012, Plaintiff filed a Complaint in this Court, alleging violations of the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, commonly called the Lanham Act, and Maryland's trademark law. Compl. ¶ 1, ECF No. 1. In its Complaint, Plaintiff claims that it is

---

[1] On June 26, 2012, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to review Plaintiff's Motion for Default Judgment and/or to make recommendations concerning damages. ECF No. 15.

"the owner of the mark SEACRETS, which it has used continuously since June of 1988 in connection with a 'Caribbean-themed' entertainment complex" in Ocean City, Maryland. *Id.* ¶ 8. The complex includes multiple restaurants and other venues. *Id.* Plaintiff further asserts that SEACRETS is "a vacation destination that . . . is visited by over eight million people throughout the United States annually. . . ." *Id.* ¶ 9. Plaintiff states that it "promotes its complex, including its restaurants," through radio, the internet, television, billboards, and print publications. *Id.* ¶ 10. According to Plaintiff, it owns "U.S. Trademark Registration No. 2,102,604 for the mark SEACRETS, . . . which was granted on October 7, 1997," and covers "'restaurant and bar' services." *Id.* ¶ 12. Plaintiff claims that the registration currently is valid such that Plaintiff has incontestable rights to the SEACRETS mark under the Lanham Act. *Id.*

Plaintiff alleges that, "notwithstanding Plaintiff's prior rights in and to the SEACRETS mark, on June 16, 2010, Defendant formed a limited liability company under the name Caribbean Secrets, LLC and subsequently began operation of its restaurant under the name and mark CARIBBEAN SECRETS in Baltimore, Maryland." *Id.* ¶ 15. According to Plaintiff, both parties "use their respective marks in connection with essentially the same types of goods and services" for "the same class of purchasers," such that Defendant's "continued use of the CARIBBEAN SECRETS mark . . . in connection with its restaurant services" is "likely to cause confusion or mistake as to the source or origin of those services, thereby misleading and/or deceiving consumers in the State of Maryland and elsewhere." *Id.* ¶ 16. Plaintiff claims that it demanded that Defendant cease using the CARIBBEAN SECRETS mark, but Defendant refused. *Id.* ¶ 18.

In Count I, Plaintiff alleges that Defendant acted in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114, by using the "Caribbean Secrets" mark "on promotion materials,

signage, menus and printed advertisements," a use that "is likely to cause confusion, or to cause mistake, or to deceive" because of its similarity to Plaintiff's trademarked name. *Id*. ¶¶ 16 & 21. In Count II, Plaintiff claims that Defendant violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), through its "unauthorized use of the CARIBBEAN SECRETS mark in connection with the promotion of restaurant services offered and advertised in commerce," which is likely to confuse or deceive the public by encouraging the belief that Defendant's restaurant services are affiliated with Plaintiff's business. *Id*. ¶ 23. In Count III, Plaintiff alleges that "Defendant's use of the mark CARIBBEAN SECRETS in connection with its restaurant services constitutes trademark infringement and unfair competition" under Maryland law. *Id.* ¶ 25. Plaintiff asks the Court for a permanent injunction, prohibiting Defendant from "[d]irectly or indirectly using the name or mark, CARIBBEAN SECRETS [or the word 'secret' or 'secrets'], or any term or mark confusingly similar thereto in connection with restaurant and/or bar services"; encouraging the public to believe, mistakenly, that Defendant's goods or services are affiliated with Plaintiff's business; and "[u]nfairly competing with Plaintiff." *Id*. at 8. Plaintiff also requests that the Court order Defendant "to remove all materials . . . displaying the term 'Secrets,'" and to file with the Court a certification that it complied with the Court's order. *Id.*

Defendant was served on May 12, 2012, *see* ECF No. 5, such that Defendant's Answer was due by June 4, 2012, *see* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant has not filed an Answer or otherwise responded to the Complaint. On June 8, 2012, Plaintiff filed a Request for Entry of Default Against Defendant Caribbean Secrets LLC. ECF No. 12. The Clerk of the Court entered an Order of Default on June 19, 2012. ECF No. 13. Plaintiff moved for a default judgment on June 26, 2012. ECF No. 14. Defendant has not filed a response.

## II.     DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments. Pursuant to Rule 55(b), the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear and is "neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). For "all other cases," in which the sum is neither certain nor ascertainable through computation, Rule 55(b)(2) provides:

> [T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

The entry of default judgment is a matter within the discretion of the Court. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). As the Court noted in *Disney Enters. v. Delane*, 446 F. Supp. 2d 402 (D. Md. 2006), "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong policy that cases be decided on the merits.'" *Id.* at 405 (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). Nonetheless, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F. Supp. at 421).

In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the

4

judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); 10A Charles Alan Wright et al., *Fed. Prac. and Proc. Civ.* § 2688 (3d ed. 1998) ("[L]iability is not deemed established simply because of the default and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."); *id.* (explaining that the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Samler*, 725 F. Supp. 2d at 484 (citing *Ryan*, 253 F.3d at 780–81). This is so because "an allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Hartford Fin. Servs. Grp. Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *7 (D. Md. May 5, 2011) (quoting Fed. R. Civ. P. 8(b)(6)); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, LLC*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-plead allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, No. ELH-11-2389, 2012 WL 893262, at *2 (D. Md. Mar. 14, 2012) ("The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.").

In sum, the Court must make two determinations. First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action." *Samler*, 725 F. Supp. 2d at 494. Second, if the Court finds that liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.*

### A. Liability

Almost four months have passed since Defendant was served with the Complaint, yet Defendant has not pleaded or otherwise asserted a defense by filing a motion. As a result, all of the factual allegations made in Plaintiff's Complaint not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780. Plaintiff moved for a default judgment on July 13, 2012, and Defendant still has not responded. It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him). Accordingly, the Court should grant default judgment on this Complaint if Plaintiff has established Defendant's liability.

Plaintiff claims trademark infringement under three statutes: 15 U.S.C. §§ 1114 & 1125(a), which codify sections 32(1) and 43(a) of the Lanham Act, and Md. Code Ann., Bus. Reg. § 1-414 (West 2012). Violations of Sections 32(1) and 43(a) of the Lanham Act are analyzed the same. *See Monster Daddy, LLC v. Monster Cable Products, Inc.*, No. CA 6:10-1170-TMC, 2012 WL 2513466, at *2 (D.S.C. June 29, 2012). Additionally, "[t]rademark infringement cases under either the Maryland statute or the Lanham Act are based on the same legal theory and require the same proof." *Mid South Bldg. Supply of Md., Inc. v. Guardian Door*

*& Window, Inc.*, 847 A.2d 463, 471 (Md. Ct. Spec. App. 2004); *see Cmty. First Bank v. Cmty. Banks*, 360 F. Supp. 2d 716, 722 (D. Md. 2005) (same).  Thus, to prevail on any of its three claims, Plaintiff must prove that:

> (1) it owns a valid mark, (2) the Defendant[] "used the mark in commerce and without . . . authorization," (3) the Defendant[] "used the mark (or an imitation of it) in . . . the sale, offering for sale, distribution or advertising of goods or services," and (4) the Defendant['s] use of the mark "is likely to confuse consumers."

*See Basile Baumann Prost Cole & Assocs. Inc. v. BBP & Assocs. LLC*, No. WDQ-11-2478, 2012 WL 2426132, at *8 (D. Md. June 19, 2012) (stating elements of Lanham Act claim) (quoting *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012)); *Mid South*, 847 A.2d at 471 (stating that trademark claim under Maryland statute has the same elements as Lanham Act claim).

Plaintiff has alleged successfully all elements of trademark infringement under Maryland and federal law:

(1) Plaintiff claims that it owns a valid and incontestable mark, Compl. ¶ 12;

(2) (a) By alleging that Plaintiff's "vacation destination" draws customers from "throughout the United States," such that Plaintiff engages in interstate business; that Defendant uses the CARIBBEAN SECRETS mark, an imitation of Plaintiff's mark, as the name of its business and in advertising for its restaurant services; and that Defendant's use of the mark "is a source of significant harm and damage to Plaintiff," Plaintiff claims that Defendant uses the mark in commerce, Compl. ¶¶ 9, 15-17, 21 & 23.  *See* 15 U.S.C. § 1127 ("'Commerce' means all commerce which may be lawfully regulated by Congress."); *Microsoft Corp. v. Grey Computer*, 910 F. Supp. 1077, 1086 (D. Md. 1995) ("It is well established that 'jurisdiction exists to grant relief under the Lanham Act if a

defendant's activities although wholly intrastate tend to have a damaging effect on plaintiff's federally protected interstate business.'").

(b) By stating that it demanded that Defendant stop using the mark and Defendant refused, Compl. ¶ 18, Plaintiff claims that Defendant is using Plaintiff's mark without authorization.

(3) Plaintiff claims that Defendant uses the CARIBBEAN SECRETS mark, an imitation of Plaintiff's SEACRETS mark, as the name of its restaurant and in advertising for the purpose of selling restaurant goods and services; Compl. ¶ 15-16; and

(4) Plaintiff claims that Defendant's use of the mark is likely to confuse consumers, Compl. ¶¶ 15, 17, 21 & 23.

Thus, accepting as true Plaintiff's well-pleaded allegations, I find that Plaintiff has proven (1) its ownership of a valid mark, SEACRETS; (2) Defendant's use of an imitation of SEACRETS, CARIBBEAN SECRETS, in selling or offering for sale its goods or services in commerce and without Plaintiff's authorization; and (3) the likelihood that Defendant's use of the similar mark will confuse consumers. *See Basile Baumann Prost Cole & Assocs.*, 2012 WL 2426132, at *8. Accordingly, Plaintiff has established Defendant's liability for trademark infringement under Maryland law and the Lanham Act, and a default judgment as to all three counts of Plaintiff's Complaint is proper.

### B. Damages

In this case, Plaintiff seeks a permanent injunction instead of monetary damages. Compl. 8. "A district court has authority under the Lanham Act to grant injunctive relief to prevent further violations of a plaintiff's trademark rights." *Innovative Value Corp. v. Bluestone Financial, LLC*, No. DKC 2009-0111, 2009 WL 3348231, at *2 (D. Md. Oct. 15, 2009) (citing 15 U.S.C. § 1116); *see FleetPride, Inc. v. Fleet Care Tire & Truck Serv.*, LLC, No. CA 4:10-

2288-RBH-SVH, 2011 WL 442051, at *3 (D.S.C. Jan. 19, 2011), *report and recommendation adopted as modified*, 2011 WL 533699 (D.S.C. Feb. 8, 2011).  Also, a court may grant an injunction in a default judgment action involving trademark infringement.  *FleetPride*, 2011 WL 442051, at *3.  "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief."  *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).  Permanent injunctive relief is appropriate where the plaintiff shows:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.*; *see Innovative Value Corp.*, 2009 WL 3348231, at *2 (same).

With regard to the first factor, in its well-pleaded Complaint, Plaintiff alleges that it has suffered irreparable harm from consumers mistakenly associating Defendant's services with Plaintiff's registered trademark.  Compl. ¶¶ 21, 24 & 27.  Moreover, Plaintiff established that Defendant infringed Plaintiff's trademark, as discussed *supra*, and "trademark injuries are considered irreparable."  *See FleetPride*, 2011 WL 442051, at *3; *see also Fairbanks Capital Corp. v. Kenney*, 303 F. Supp. 2d 583, 590 (D. Md. 2003) ("The irreparable harm to a plaintiff trademark owner arising from the conduct of an infringer is enormous, immediate, and presumed in law."); *Toolchex, Inc. v. Trainor*, No. 3:08-CV-236, 2009 WL 2244486, at *2 (E.D. Va. July 24, 2009) ("'Irreparable injury necessary for injunctive relief regularly follows from trademark infringement.'") (citation omitted).  Also, Plaintiff alleged that it has "developed valuable goodwill and fame in connection with the SEACRETS name and mark," Compl. ¶ 14, and "it is well-established that harm to a company's goodwill is considered irreparable."  *See FleetPride*,

2011 WL 442051, at *3; *see also Innovative Value Corp.*, 2009 WL 3348231, at *3 (stating that "'damages to . . . businesses, reputations, and good will' . . . may fairly be characterized as 'irreparable' in nature"). Thus, Plaintiff has suffered irreparable harm. *See FleetPride*, 2011 WL 442051, at *3; *Innovative Value Corp.*, 2009 WL 3348231, at *3; *eBay*, 547 U.S. at 391.

As for the second factor, without a permanent injunction, Defendant likely will continue its unlawful use of its imitation of Plaintiff's trademark, as Defendant already refused to stop using the mark when Plaintiff so requested. *See* Compl. ¶ 18. Where, as here, a defendant continues to infringe upon a mark after a plaintiff issues a cease-and-desist letter, and the defendant does not enter its appearance or otherwise participate in the litigation, "further infringement is a continuing threat, making remedies at law insufficient to compensate for Plaintiff['s] injuries." *Innovative Value Corp.*, 2009 WL 3348231, at *3. A monetary payment from Defendant will not remedy the harm to Plaintiff. *See Toolchex*, 2009 WL 2244486, at *2 ("Damages to reputation and goodwill are not items that are easily measured by a legal calculation of damages."). Therefore, the "remedies available at law, such as monetary damages, are inadequate to compensate" for Defendant's trademark infringement. *See eBay*, 547 U.S. at 391.

With regard to the third factor, "the balance of hardships clearly tips in favor of [Plaintiff]" because Defendant has "no right to operate such a similarly-named business and to hold itself out, through name, signage, or otherwise, as affiliated with [Plaintiff]," and Defendant is "profiting unjustly thereby." *See FleetPride*, 2011 WL 442051, at *4. Indeed, "Defendant['s] unauthorized use poses a threat to [Plaintiff's] efforts and expenditures in developing goodwill in the [SEACRETS] name and brand." *See id.*

As for the fourth factor, it is in the public interest to prevent confusion. *Toolchex, Inc. v. Trainor*, No. 3:08-CV-236, 2009 WL 2244486, at *3 (E.D. Va. July 24, 2009). Moreover, "the public interest would not be disserved by a permanent injunction, as there is greater public benefit in securing the integrity of Plaintiff['s] mark than in allowing Defendant to continue to use the mark in violation of Plaintiff['s] rights." *See Innovative Value Corp.*, 2009 WL 3348231, at *3; *FleetPride*, 2011 WL 442051, at *4 (same). Therefore, I recommend that the Court grant the requested injunctive relief.

### III.  CONCLUSION

In sum, I recommend that, with regard to liability, the Court GRANT Plaintiff's Motion for Default Judgment and enter a default judgment in Plaintiff's favor. I also recommend that the Court GRANT Plaintiff's request for a permanent injunction against Defendant.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2); Loc. R. 301.5.b. A proposed Order follows.

Dated: September 10, 2012                                             /S/
                                                                                      Paul W. Grimm
                                                                                      United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |  |
|---|---|---|
|  | * |  |
| **O.C. SEACRETS, INC.,** | * |  |
| Plaintiff, | * |  |
| v. | * | **Civil Case No.: WDQ-12-1395** |
| **CARIBBEAN SECRETS LLC,** | * |  |
| Defendant. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

For the reasons stated in the Report and Recommendation that United States Magistrate Judge Paul W. Grimm submitted on September 10, 2012, and the time for filing objections to the Report and Recommendation having passed, it is this ____ day of _____, 2012 ORDERED that

(1) Plaintiff's Motion for Entry of Default Judgment is GRANTED as to liability.

(2) Plaintiff's request for a permanent injunction is GRANTED.

                                                                                      _____
                                                                                      William D. Quarles, Jr.
                                                                                      United States District Judge